UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CRAIG R. MILTON,

                              Plaintiff,

DECISION AND ORDER

22-CV-6077L

              v.

ELYSA McCLINTIC and WILLIAM McCLINTIC,

                              Defendants.

_____

      Plaintiff Craig R. Milton brought this action against Elysa and William McClintic, pursuant to 42 U.S.C. § 1983.  Plaintiff alleged that both defendants are physicians and that they violated his constitutional rights in connection with certain events that occurred when he was receiving medical treatment in February 2019 at a health clinic in Elmira ("Elmira Clinic") that is administered by the Department of Veteran Affairs ("VA").

      On May 5, 2022, the Court issued a Decision and Order (Dkt. #10) ("May 5 Decision") granting defendant Elysa McClintic's motion to dismiss the complaint.  *Milton v. McClintic*, 2022 WL 1423258 (W.D.N.Y. May 5, 2022).  At that point, William McClintic ("defendant") had not appeared in the action.[1]

      On June 14, 2022, William McClintic filed a motion to dismiss the complaint against him.  (Dkt. #11.)  Plaintiff has responded to the motion (Dkt. #13), and defendant has replied. (Dkt. #14.)

_____

[1] Because William McClintic is the only remaining defendant in this action, all future references to "defendant" will refer to him only, unless otherwise noted.

**BACKGROUND**

The relevant facts are set forth in this Court's Decision and Order dismissing the claims against Elysa McClintic and familiarity with that decision is assumed.  In brief, plaintiff is a navy veteran who has received medical treatment at the Elmira Clinic.

On or about February 8, 2019, at the recommendation of an optometrist at the Elmira Clinic, plaintiff underwent eye surgery at Guthrie Robert Packer Hospital ("Packer") in Sayre, Pennsylvania.  The surgeon was Elysa McClintic.  Neither Packer nor Elysa McClintic have any direct association with the VA.

On February 13, 2019, plaintiff saw Elysa McClintic at Packer for a followup visit. Again, the facts are laid out in the Court's May 5 decision, but in brief, during their conversation plaintiff showed her a handgun that he carried with him.  Plaintiff alleges that he did so in response to some questions she asked him about whether he carried a pistol, and that he simply showed her the gun and explained how it worked.

Apparently Elysa McClintic reported this incident to some government authorities, because within the next few weeks plaintiff's Pennsylvania pistol permit was revoked, allegedly on the ground that he was a "danger to the general public."  Complaint ¶ 27.  He also lost his New York pistol permit, and two Chemung County sheriff's deputies seized four registered handguns owned by plaintiff.  In addition, the VA Health System issued a disruptive-behavior report, as a result of which plaintiff was barred for over six months from going to the Elmira Clinic, which meant that for medical treatment he had to drive to the Bath, New York clinic, about forty miles away.

William McClintic is Elysa McClintic's father-in-law.  Plaintiff alleges that he previously worked at Packer, and at the time of these events was employed by the VA.  Plaintiff also alleges that William McClintic, with the "encourage[ment]" of Elysa McClintic, falsely reported that plaintiff had brandished a firearm on federal property and threatened a federal employee with a firearm by pointing a pistol at Elysa McClintic's face.

Based on these allegations, plaintiff has asserted six claims for relief under § 1983, all of which are asserted against both defendants:  (1) malicious prosecution; (2) violation of his rights to procedural and substantive due process; (3) conspiracy to violate plaintiff's civil rights; (4) denial of the "right to a fair proceeding," in violation of the Fifth, Sixth and Fourteenth Amendments; (5) violation of plaintiff's Second Amendment right to keep and bear arms; and (6) unlawful retaliation for plaintiff's exercise of his right to free speech under the First Amendment.

As stated, the Court dismissed all the claims against Elysa McClintic on May 5, 2022. William McClintic filed a motion to dismiss on June 14.  Plaintiff filed a response to the motion on July 20.  In his response, plaintiff states that he agrees that dismissal of the second, fourth and fifth claims is proper.  (Dkt. #13-2 at 2 n. 1.)  What remains, then, are plaintiff's claims against William McClintic for malicious prosecution, civil rights conspiracy, and First Amendment retaliation.

## DISCUSSION

The complaint alleges that at the time of the relevant events, defendant "was a physician employed by the VA ..." (Complaint ¶ 7), which is an agency of the federal government.  As

framed in the complaint, however, all of plaintiff's claims are based on 42 U.S.C. § 1983, which

provides a right of action for violations of one's constitutional rights by government officials.

(Complaint ¶¶ 1, 2.)  As explained in the May 5 Decision, however, such claims are generally not

cognizable against federal (as opposed to state) employees.  *See* 2022 WL 1423258, at *3.

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388

(1971), the United States Supreme Court authorized lawsuits against federal officials in their

individual capacities for the intentional deprivation of constitutional rights.  Such claims

represent "the federal analog to suits brought against state officials under [§ 1983]."  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 675 (2009).

The Supreme Court has recognized such a remedy in only three contexts, however:

(1) unreasonable search and seizure under the Fourth Amendment; (2) employment

discrimination under the Fifth Amendment; and (3) inadequate medical treatment of an inmate

under the Eighth Amendment.  *See Roberts v. U.S. Marshall Serv.*, No. 21-CV-11234, 2022 WL

2986683, at *3 (S.D.N.Y. July 27, 2022) (citing cases).  The Supreme Court has since made clear

that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *Ziglar v. Abbasi*, 137

S. Ct. 1843, 1857 (2017).  If a claim arises in a "new context," courts should not imply a remedy

if there are "special factors counselling hesitation in the absence of affirmative action by

Congress."  *Id.* at 1849.

Plaintiff argues that his claims do not arise in a "new context" with respect to *Bivens*, and

that even if they do, there are no special factors here that counsel against a *Bivens*-type remedy.

As to plaintiff's First Amendment retaliation claim, plaintiff's argument is refuted by the

Supreme Court's recent decision in *Egbert v. Boule*, 143 S.Ct. 1793 (2022).  In *Egbert*, which

was handed down on June 8, 2022–six weeks before plaintiff filed his memorandum of law,

which makes no mention of *Egbert*–the Court held that "there is no *Bivens* action for First

Amendment retaliation." *Id.* at 1807.  The Court's unequivocal holding means that plaintiff's

First Amendment claim must be dismissed.

I also see no basis for inferring the existence of a *Bivens* remedy as to plaintiff's two

remaining claims, for malicious prosecution and civil rights conspiracy.  Even if such a remedy

might exist, however, plaintiff has not made out a facially valid claim under either theory of

liability.

In the May 5 Decision dismissing plaintiff's claims against Elysa McClintic, the Court

held that "[t]he malicious-prosecution claim fails because plaintiff has not alleged that any

criminal proceeding occurred as a result of defendants' acts, much less that any such proceeding

terminated in his favor."  2022 WL 1423258, at \*4 (citations omitted).  In his response to

William McClintic's motion to dismiss, plaintiff does not attempt to argue that he has stated a

valid claim for malicious prosecution, but he argues that he has sufficiently pleaded a claim for

abuse of process.

Plaintiff made a similar argument in response to Elysa McClintic's motion to dismiss,

which I rejected in the May 5 Decision  The Court's reasoning was fully laid out in that decision,

*see id.* at \*6, and I need not repeat it here.  In short, plaintiff has not alleged the elements of a

claim for abuse of process under New York law. *Id.*

That leaves plaintiff's claim for conspiracy to violate his civil rights.  Again leaving aside

the fact that I see no basis for such a claim under *Bivens*, plaintiff has not alleged facts supporting

a civil rights conspiracy claim.

"Because conspiracy claims are 'so easily made and can precipitate such protracted proceedings[,] ... detailed fact pleading is required to withstand a motion to dismiss.'" *Thompson v. Kline*, 504 F.Supp.3d 200, 211 (W.D.N.Y. 2020) (quoting *Angola v. Civiletti*, 666 F.2d 1, 4 (2d Cir. 1981)). Accordingly, "[a] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993) (citation omitted).

In the case at bar, plaintiff has alleged only that Elysa McClintic "encouraged" defendant to file a report about plaintiff's alleged brandishing of a firearm. (Complaint ¶ 28.) That falls far short of the level of particularity needed to make out a conspiracy claim.

In addition, to state a civil rights conspiracy claim, the plaintiff must allege an underlying denial of his constitutional rights. *McCloud v. Prack*, 55 F.Supp.3d 478, 482-83 (W.D.N.Y. 2014) (citing cases). As explained above, there is no substantive civil rights violation alleged here, so the conspiracy claim fails for that reason as well. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 305 (7th Cir. 2011) ("the absence of any underlying violation of Plaintiff's rights precludes the possibility of Plaintiff succeeding on a conspiracy claim").

Finally, even if plaintiff had stated a claim under any theory of liability, defendant would be entitled to qualified immunity. It would take a considerable stretch of the imagination and the law to envision some way in which defendant could be deemed liable under any of the theories advanced by plaintiff, but even if he could, it cannot be said that violated plaintiff's clearly established rights, or that under the circumstances alleged, he would have understood that his actions were unlawful. *See Mandell v. County of Suffolk*, 316 F.3d 368, 385 (2d Cir. 2003); *Ford v. McGinnis*, 352 F.3d 582, 596-97 (2d Cir. 2003).

**CONCLUSION**

The motion to dismiss filed by defendant William McClintic (Dkt. #11) is granted, and

the complaint is dismissed in its entirety.

IT IS SO ORDERED.


_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      October 4, 2022.